## William Willer, doing Business under the Name of The Willer Mfg. Co., v. George H. Stahl.

1. JURY—*Its Province to Settle Questions of Fact.*—A jury, having the opportunity of seeing and hearing the witnesses on both sides and observing their demeanor while on the witness stand, it is within its peculiar province to reconcile conflicts in the testimony and ascertain where the truth lies, and in the absence of prejudicial error in the court's rulings on the admission or rejection of evidence, and in giving or refusing instructions, the Appellate Court will affirm its verdict as settling questions of fact, especially when it comes before it with the approval of the trial judge.

Assumpsit, for goods manufactured, etc. Trial in the Circuit Court of Adams County; the Hon. JOHN C. BROADY, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

HAMILTON & WOODS, attorneys for appellant.

L. H. BERGER and C. A. BABCOCK, attorneys for appellee.

MR. JUSTICE BURROUGHS, delivered the opinion of the court.

This was an action of assumpsit, begun and tried in the Circuit Court of Adams County, in which the appellant sought to recover from the appellee $480 as the agreed price for twenty-eight sets of inside window blinds and the guide strips for the same, which he claims were ordered from him by the appellee, to be used in his new residence, then in the course of construction.

The case was tried before a jury, and a verdict found in favor of the appellee, upon which the court, after overruling a motion for a new trial, entered judgment. Appellant brings the case to this court by appeal, and urges us to reverse the judgment upon the grounds that the finding of the jury is contrary to the evidence, and that the court erred in its rulings on the evidence and the instruction.

The evidence shows that appellant's traveling salesman, B. W. Burch, called several times upon appellee at his residence, then being constructed, and solicited him to order from appellant the inside blinds and guide strips therefor; and Mr. Burch testifies that after some negotiation appellee gave to him, for appellant, an order for the blinds and guide strips, and that he sent the order to appellant's factory at Milwaukee, Wisconsin.

The appellee denies giving just such an order as Burch claims, and swears he only ordered the guide strips, they to be of specified material, style and finish, and not more than one-half inch wider than the window casings in which they were to be placed, and that he told Mr. Burch that the putting in of the guide strips would naturally lead to the use of the blinds, and it all depended upon what style of guide strips he furnished whether they could use the blinds.

The guide strips were sent to appellee by appellant, but when they arrived and were examined by appellee and his architect they were found to be more than one-half inch wider than the casings, and the natural finish and workmanship upon them were not very good, and claimed not to be as represented by Burch, and as contracted for; whereupon appellee telegraphed and wrote appellant as follows:

"QUINCY, ILL., U. S. A., Dec. 23, '97.
WILLER MFG. Co., Milwaukee, Wis.

DEAR SIRS: I wired you this morning as follows: 'Your guide strips here subject to your order; not as represented to me by Mr. Burch in material, finish and style. Cancel order.' I hereby confirm same. I will say further that while your Mr. Burch was here he represented to me that he was to furnish me with guide strips of extra small size; also that these strips would not extend over half an inch beyond the casing. He also promised the best of mate-

rial and the very best of finish; these strips which are now here are not in any way, shape or manner such as he represented to furnish. The lumber is poor, machine work poor, colors poor, and the finish poorer; and I would not put them up in my house if you were to give them to me for nothing; the commonest finish in my house is better than the best of the strips you sent. As I wired you this morning the strips are here subject to your order, as I can not use them, and my architect positively refuses to accept them.

Respectfully,

GEO. H. STAHL."

At this time appellant had almost completed the blinds, and he refused to cancel the order, and insisted upon appellee taking and paying for both the guide strips and blinds, but appellee refused to either accept or pay for them.

The vital questions in this case are, (1) did appellee order the blinds, and (2) were the guide strips made of the width, material, finish and style as represented by appellant?

The evidence is very conflicting upon both these questions of fact, and the jury had the opportunity of seeing and hearing the witnesses on both sides, and observing their demeanor while on the witness stand, and it is within their peculiar province to reconcile the conflict, and ascertain where the truth lies; and in the absence of prejudicial error in the court's rulings on the admission or rejection of evidence, and in giving and refusing instructions, we must affirm their verdict as settling both these questions of fact, when it comes to us with the approval of the trial judge.

After carefully examining the whole record, we find the Circuit Court committed no prejudicial error in its rulings on the evidence, and the instructions given to the jury, when taken together as one charge, presented the law of the case to the jury as fairly as the rights of appellant required, and those refused were properly refused.

As we find no reversible error in this record, we affirm the judgment of the Circuit Court. Judgment affirmed.